BLOOMFIELD *vs.* SNOWDEN and others.

Where the bill was dismissed by a vice-chancellor, and an appeal was entered from that decree, but the subject matter of the suit was sold intermediate the entering of the decree and the appeal, the chancellor refused to grant an injunction against the purchaser, who was not a party to the suit, on petition; but permission was given to file a supplemental bill before the chancellor, and to move for an injunction thereon against the purchaser.

It is not the practice to allow an injunction, affecting the rights of a party who has appeared, on an ex parte application to the court upon a supplemental bill; but regular notice of the application should be given to such party.

If a temporary injunction is necessary to prevent irreparable injury before regular notice of the application can be given for a general injunction, the court will grant an order to show cause, and allow such temporary injunction in the mean time; but the temporary injunction falls of course, if the order to show cause is not made absolute.

THIS cause was referred to the vice chancellor of the second circuit to hear and decide the same. He made a decree therein dismissing the complainant's bill with costs. From that decree the complainant appealed to the chancellor. Pending this suit, and before the decree of the vice-chancellor was made, McDermut and D. & J. Ames acquired an interest in the subject matter of the litigation, by virtue of an agreement with the defendants, and became the equitable assignees of their interest in certain notes, the collection of which was restrained by the injunction. After the decree of the vice-chancellor and before the entry of the appeal, McDermut and D. & J. Ames caused suits at law to be instituted for the recovery of these notes. The complainant thereupon presented a petition to the chancellor, praying for an injunction to restrain them from proceeding at law to recover the notes until the decision upon the appeal. McDermut and D. & J. Ames appeared by their counsel to oppose the application.

*March 1st.*

*T. Payne*, for the complainant.

*J. Smith*, for McDermut and Ames.

1831.

Bloomfield
v.
Snowden.

THE CHANCELLOR.  If the decision of the vice chancellor is incorrect, the defendants, or their assignees who have taken the notes with notice of all the equities between the parties, should not be permitted to go on at law and collect the amount before the case can be disposed of on the appeal.  But they allege that Bloomfield threatens to put his property out of his hands if they proceed against him on the notes ; and that they have offered to deliver up to him the notes on his assigning over the property of the company, for the stock of which the notes were given.   They also object that they are not parties to this suit ; that, as the case is now situated, no decree can be made therein which will protect their rights ; and that the prosecution of the suits at law, is the only means they have in their power to compel the complainant to do equity.   Under such a state of facts, I should be doing injustice to these assignees to stay their proceedings at law, even if I have the power to do so on this petition, when they are not parties to the suit.   The application for an injunction on the petition must therefore be refused.   But as the whole cause is now before the chancellor on the appeal, and all further proceedings in the cause may be carried on before him, the complainant must have leave to file a supplemental bill, setting forth the substance of what is charged in his petition, and such other matters as he may be advised to insert therein, and making all necessary parties.   And if he elects to file such supplemental bill, he may apply thereon to the chancellor for an injunction, or for other relief, on such terms and conditions as he may think proper to propose.

March 15th.   ON a subsequent day, the complainant having filed a supplemental bill, he made an ex parte application for an injunction to restrain the defendants therein from proceeding at law.

The CHANCELLOR said it was not the intention of the court to allow the complainant to apply for an injunction on the supplemental bill, without notice of the application to the adverse party.   That the new defendants were made parties on the ground that they had succeeded to the rights of Snow-

den since the commencement of the suit; and that due no-
tice of the application for the injunction must therefore be
served on the solicitor who represented their interest in this
controversy. The chancellor also observed that it was not
the practice of the court to grant an injunction affecting the
rights of a party who has appeared, without giving him an
opportunity to be heard on such application. That if there
is no necessity for the immediate interference of the court, the
complainant should serve a copy of his supplemental bill, or
petition for an injunction, with a regular notice of the appli-
cation upon the solicitor of the parties who have appeared in
the cause, and who are to be affected by the injunction.
If a temporary injunction is necessary in the mean time to
prevent serious loss or injury to the complainant, and a suffi-
cient ground is laid therefor, the court directs the petition or
supplemental bill to be filed, and grants an order for the de-
fendant to show cause at the next motion day, or other con-
venient time, why the injunction as prayed for should not be
granted; and in the mean time a temporary injunction is is-
sued to prevent the anticipated injury. In such cases the
temporary injunction falls, of course, if the complainant neg-
lects to serve the papers on the adverse party, and to bring
on the application at the time fixed by the court, or as soon
thereafter as he can be heard.

An order to show cause was therefore granted in this case,
and a temporary injunction was allowed to stay the execu-
tions at law in the mean time; but the court refused to
restrain the defendants from proceeding to trial and judg-
ment.